Richard KOWALSKI

v.

Lachlan CAMPBELL

v.

STATE of Rhode Island.

No. 84–344–Appeal.

Supreme Court of Rhode Island.

Feb. 13, 1987.

Philip M. Weinstein, Providence, for plaintiff.

Paul G. MacLean, Narragansett, Arlene Violet, Atty. Gen., Richard B. Woolley, Spec. Asst. Atty. Gen., for defendant.

## OPINION

KELLEHER, Justice.

This is a Superior Court civil action in which the defendant State of Rhode Island (state) faults the trial justice for denying the state's motion for a directed verdict.

The facts are not in dispute. On October 1, 1978, Lachlan Campbell (Campbell) was the operator of a Chevrolet van in which Richard Kowalski (Kowalski) was a passenger. While driving in the southbound lane of Kingstown Road, a state highway situated in the town of South Kingstown, Campbell's van struck a railroad trestle. The trestle supported railroad tracks that passed above the roadway at the site of the collision.

Kowalski filed suit against Campbell, who in turn joined the state as a third-party defendant, alleging that the collision occurred because of the state's negligence in maintaining "safety lines" on the highway that would have alerted Campbell of the hazard presented by the trestle. According to Campbell, the painted lines had faded to such a point that they no longer served any purpose. Campbell also filed a cross-claim against the state, seeking indemnification or contribution from the state for any damages adjudged against Campbell in Kowalski's action.

At the close of the trial in Superior Court, the state moved for a directed verdict that was denied by the trial justice. The jury subsequently returned a verdict, finding the state 60 percent negligent and Campbell 40 percent negligent, and awarded Kowalski and Campbell damages.

In *Ryan v. State Department of Transportation,* 420 A.2d 841 (R.I.1980), this court established an exception to G.L.1956 (1969 Reenactment) § 9–31–1, as amended by P.L.1970, ch. 181, § 2, which abrogates the doctrine of sovereign immunity with respect to the state's tortious conduct. We held that "[i]n suits brought against the state, plaintiffs must show a breach of some duty owed them in their individual capacities and not merely a breach of some obligation owed the general public." 420 A.2d at 843.

Recently, in a case factually similar to the one at bar, this court held that although the state is required to keep its highways in good repair,

"the state's duties in this respect clearly extend to the motoring public in general. In the cases in which we have affirmed the existence of a special duty, either the plaintiffs have had prior contact with state or municipal officials who then knowingly embarked on a course of conduct that endangered the plaintiffs, or they have otherwise specifically come within the knowledge of the officials so that the injury to that particularly identified plaintiff can be or should have been foreseen." *Knudsen v. Hall,* 490 A.2d 976, 978 (R.I.1985).

Neither Kowalski nor Campbell has presented any evidence that would indicate either or both could have been foreseen as specific, identifiable victims of the state's negligence.

In the absence of a special duty owed to the plaintiffs by the state there is no basis for state liability.[1] The trial justice there-

---

1. At its January 1986 session the General Assembly approved the provisions of House Bill 86 H

fore erred in failing to grant the state's motion for a directed verdict as a matter of law.

The state's appeal is sustained, and the case is remanded to the Superior Court to enter judgment in favor of the state.

8304. This bill was intended to nullify the holding in *Ryan v. Department of Transportation,* 420 A.2d 841 (R.I.1980) and *Knudsen v. Hall,* 490 A.2d 976 (R.I.1985). However, on July 2, 1986, Governor Edward D. DiPrete vetoed the bill. The General Assembly adjourned without making any effort to override the Governor's veto.