Elaine VERITY, as parent and next
friend of minor, Stephanie A.
Verity, and Elaine Verity, individually

v.

Thomas J. DANTI and Department of
Transportation, State of
Rhode Island.

No. 89-334-A.

Supreme Court of Rhode Island.

Jan. 4, 1991.

Charles P. Cavas, William A. Poore, Hodosh, Spinella & Angelone, Providence, for plaintiff.

David Dugan, Sp. Asst. Atty. Gen., Madeline Quirk, Higgins, Cavanagh & Cooney, Providence, for defendants.

## OPINION

FAY, Chief Justice.

This matter is before the Supreme Court on appeal by the plaintiff from a Superior Court order granting the motion to dismiss of the defendant State of Rhode Island. The plaintiff appeals from the order, alleging that the trial justice misapplied the functional-analysis test inherent in the public duty doctrine and incorrectly determined that the state's duty to maintain a sidewalk is discretionary rather than ministerial in nature. We are of the opinion that the public duty doctrine is not applicable in this case, and therefore, we vacate the judgment.

This matter was initiated in 1983 by plaintiff, Elaine Verity, individually and as parent and next friend of her minor daughter, Stephanie A. Verity (Stephanie), against Thomas J. Danti (Danti) and the Department of Transportation of the State of Rhode Island following an accident in which Stephanie was injured. On October 20, 1982, Stephanie, a thirteen-year-old resident of Harmony, Rhode Island, was struck by an automobile driven by defendant Danti. Stephanie was walking along the sidewalk that parallels Route 44 in Harmony when her passage was blocked by a large tree. The tree took up the entire width of the sidewalk area. A stone wall abutted the tree and the sidewalk, preventing pedestrians from going around the tree on the off-street side; consequently, it was necessary to move out onto Route 44 to travel past the tree. Stephanie therefore stepped off the sidewalk to her left and

onto Route 44 to avoid the obstruction. At that spot Route 44 has no shoulder or breakdown lane. As she stepped off the curb Stephanie was struck by Danti's automobile. She suffered a fractured left humerus, contusions, and cerebral congestion as a result of the accident.

The plaintiff's allegation that the State of Rhode Island was liable for the injuries Stephanie sustained was reached for trial in Superior Court on April 26, 1989. At that time the trial justice heard and granted the state's motion to dismiss in accordance with the public duty doctrine, relying on our holdings in *Knudsen v. Hall*, 490 A.2d 976 (R.I.1985), and *O'Brien v. State*, 555 A.2d 334 (R.I.1989). The issue before this court is whether the public duty doctrine bars plaintiff's claim in light of the present circumstances.

■ The public duty doctrine encourages "the effective administration of governmental operations by removing the threat of potential litigation." *Catone v. Medberry*, 555 A.2d 328, 333 (R.I.1989). It creates immunity for the government regarding certain activities performed by government agents that are discretionary in nature. *Id.* Traditionally, governmental immunity abrogates the state's liability when individuals are tortiously injured as the result of an action by either an agent of the state or one of the state's subordinate, political bodies. *See* W. Prosser & W. Keeton, *The Law of Torts*, § 131 at 1032 (5th ed.1984). This court has considered the sovereign immunity of the state on several occasions, and we have noted that many jurisdictions have limited or abolished the doctrine of sovereign immunity. *See Catone*, 555 A.2d at 330. In *Becker v. Beaudoin*, 106 R.I. 562, 571–72, 261 A.2d 896, 901 (1970), we abrogated the immunity conferred upon municipal and quasi-municipal corporations. The Legislature then enacted the Rhode Island Tort Claims Act, which statutorily abrogated the immunity of the state and its political subdivisions. G.L. 1956 (1985 Reenactment) § 9–31–1. The purpose of the Rhode Island Tort Claims Act, out of which the public duty doctrine evolved, is "to provide effective relief for persons injured as a result of governmental negligence." *Catone*, 555 A.2d at 333. It is important to note, however, that *Becker* does not purport to abolish sovereign immunity altogether. In *Calhoun v. City of Providence*, 120 R.I. 619, 390 A.2d 350 (1978), we recognized that in order to determine whether sovereign immunity would bar an injured plaintiff's claim, "[t]here must be a weighing of the injured party's demand for justice against the state's equally valid claim to exercise certain powers for the good of all without burdensome encumbrances and disruptive forces." *Id.* at 628, 390 A.2d at 355.

■ In several matters before this court concerning claims against the state for tortious injury, the extent of the state's negligence has been weighed against the plaintiff's demands and definite limitations have been established regarding the immunity of the state. We have determined that state liability will not attach absent proof that a special duty is owed to the plaintiff as an individual rather than as a member of the general public. *Polaski v. O'Reilly*, 559 A.2d 646 (R.I.1989); *Knudsen v. Hall*, 490 A.2d 976 (R.I.1985); *Orzechowski v. State*, 485 A.2d 545 (R.I.1984); *Ryan v. State Department of Transportation*, 420 A.2d 841 (R.I.1980).

> "In the cases in which we have affirmed the existence of a special duty, either the plaintiffs have had prior contact with state or municipal officials who then knowingly embarked on a course of conduct that endangered the plaintiffs, or they have otherwise specifically come within the knowledge of the officials so that the injury to that particularly identified plaintiff can be or should have been foreseen." *Knudsen*, 490 A.2d at 978.

In *O'Brien v. State*, sovereign immunity was restricted even further to encompass only those "activities performed by government [that] could not and would not in the ordinary course of events be performed by a private person at all." 555 A.2d at 336–37. Consequently, if an action is determined to be one that a private individual would engage in, the state's immunity is

abrogated and the plaintiff's claim is not barred.

██ Considering the facts presently before this court in light of the recognized volatility of the public duty doctrine and governmental immunity, we are of the opinion that the state's immunity should be further abrogated and plaintiff's claim should not be barred. We find that the state's negligence in this instance is so extreme that to bar suit under the public duty doctrine would effectively excuse governmental employees from remedying perilous situations that they themselves have created. To recognize governmental immunity under the present facts would violate the basic premise of the Tort Claims Act as stated above.

In reviewing the totality of the circumstances, we conclude that the state, in consciously deciding not to remove the tree, forced Stephanie into the position of peril that caused her to be injured. It was physically impossible to travel along the pedestrian sidewalk without venturing onto Route 44. The state, by its own admission, was aware that the tree in question existed and that it prevented safe passage along the sidewalk. In response to plaintiff's interrogatories regarding how long the tree had been in existence, the state replied, "To the best of my knowledge, over 100 years." The state also acknowledged that prior to the accident no efforts had been made "to move the tree, to remove it, or reduce its girth." Despite the knowledge that the sidewalk was completely blocked by the tree, the state evaluated the condition of the sidewalk at the time in question as "satisfactory." When the state embarks on a course of action that is so egregious, we are of the opinion that the public duty doctrine should not cloak the state with immunity. We conclude, therefore, that when the state has knowledge that it has created a circumstance that forces an individual into a position of peril and subsequently chooses not to remedy the situation, the public duty doctrine does not shield the state from liability.

It is important that we note that this abrogation of the public duty doctrine is not delineated in our previous cases addressing the same policy. Consequently, the trial justice was justified by precedent in granting the defendant's motion to dismiss pursuant to the standards enunciated in *O'Brien* and *Knudsen*. Nevertheless we must depart from these precedents under the facts of this case.

For the reasons stated, we are of the opinion that the public duty doctrine is not applicable in this case, and therefore we vacate the order and remand the case to the Superior Court.