Joseph **LONGTIN** et al.

v.

**D'AMBRA CONSTRUCTION COMPANY, INC.,** et al.

**No. 89–290 Appeal.**

Supreme Court of Rhode Island.

March 29, 1991.

V. Santaniello, Edward P. Manning, Jr., Manning, West & Santaniello, Providence, for plaintiffs.

James E. O'Neil, Atty. Gen., Terence J. Tierney, Asst. Atty. Gen., Rebecca Tedford Partington, Sp. Asst. Atty. Gen., Thomas C. Plunkett, Kiernan & Plunkett, Providence, for defendants.

## OPINION

FAY, Chief Justice.

This case comes before us on appeal by the plaintiffs, Joseph and Ada Longtin, from a summary judgment entered in the Superior Court in favor of the defendant, the State of Rhode Island (the state).[1] The facts pertinent to this appeal are as follows.

On June 24, 1986, the state condemned a portion of plaintiffs' property and paid plaintiffs the fair-market value of $475. The property taken abutted Mendon Road in Cumberland and was taken in preparation for reconstruction of the road. The actual reconstruction was underway approximately eighteen months later.

The plaintiffs allege that on February 15, 1988, after a period of heavy rain, flooding resulted, causing severe damage to their home and surrounding property. Rugs, wall paneling, and furniture located in plaintiffs' basement sustained damage as a result of the flooding. In addition the foundation wall of plaintiffs' home was cracked, and a portion of their backyard was washed away. The plaintiffs allege that the costs for cleanup, repair, and replacement of the damaged items will exceed $14,000.

Approximately nine months after the flooding plaintiffs filed a complaint against the state, D'Ambra Construction Co., Inc., and C. Brito Construction Co., Inc. Specifically plaintiffs alleged that prior to the reconstruction of Mendon Road the sidewalk abutting their property was graded in such a manner that any surface water would drain into the gutters and away from their home. Following the commencement of the reconstruction, however, plaintiffs allege, the contour of the land abutting their property was altered by defendants in such a way that any surface water thereafter flowed directly toward their home. The plaintiffs allege that as a direct and proximate cause of altering the landscape abutting their property, their basement, foundation, and surrounding property were damaged by the flood.

The state, in its defense, relied upon *Knudsen v. Hall*, 490 A.2d 976 (R.I.1985), averring that because it owed no duty to plaintiffs, the state could not possibly be liable. Subsequently summary judgment was entered in favor of the state. This appeal followed.

There is no doubt that pursuant to G.L. 1956 (1985 Reenactment) § 9–31–1, the state is "liable in all actions of tort in the same manner as a private individual or corporation." *See Gagnon v. State*, 570 A.2d 656, 658 (R.I.1990); *Ryan v. State Department of Transportation*, 420 A.2d 841, 843 (R.I.1980). Additionally § 9–31–1 has been deemed a "blanket waiver" of the state's sovereign immunity. *Gagnon*, 570 A.2d at 658. This waiver does not, however, impose strict liability upon the state in all cases. A plaintiff must still necessarily plead and prove negligence on the part of the state. "It is a well-settled principle of tort law that there can be no negligence without a legal duty, the breach of which serves as the basis for liability." *Id.*

The question regarding the duty owed by the state to members of the public has been the subject of numerous decisions of this court. *See Gagnon v. State*, 570 A.2d 656 (R.I.1990); *O'Brien v. State*, 555 A.2d 334 (R.I.1989); *Catone v. Medberry*, 555 A.2d 328 (R.I.1989); *Kowalski v. Campbell*, 520 A.2d 973 (R.I.1987); *Knudsen v. Hall*, 490 A.2d 976 (R.I.1985); *Orzechowski v. State*, 485 A.2d 545 (R.I.1984); *Saunders v. State*, 446 A.2d 748 (R.I.1982); *Ryan v. State Department of Transportation*, 420 A.2d 841 (R.I.1980). In determining the duty owed, this court has distinguished between instances in which the state is engaged in activities typically performed by private individuals and activities that a private individual usually would not undertake. Therefore, in order to determine what duty, if any, was owed to a particular individual by the state, we must first exam-

---

1. The complaint, as originally filed, named D'Ambra Construction Co., Inc.; C. Brito Construction Co., Inc.; and Matthew J. Gill, Jr., in his capacity as director of the Department of Transportation for the State of Rhode Island, as defendants. The defendants D'Ambra Construction Co., Inc., and C. Brito Construction Co., Inc., are not parties to this appeal.

ine the nature of the activity the state was performing that gave rise to the litigation.

■ If the activity the state was engaged in was one that a private individual typically performs, the state owes the public a duty of reasonable care and will be liable for a breach of that duty to the same extent a private individual would be in the same circumstances. *See O'Brien*, 555 A.2d at 337 (state as landowner); *Catone*, 555 A.2d at 334 (state as owner and operator of motor vehicle). As we set forth in *O'Brien* :

> "[T]he state as a landowner or an owner of motor vehicles, to mention only two of its activities, performs the identical function that a private person might perform or which a private person might well parallel, and therefore, the duties of the state as landowner or owner or operator of motor vehicles should be the same as that of any private person or corporation as the Legislature has ordained in § 9–31–1." *O'Brien*, 555 A.2d at 337.

A more careful analysis is required, however, when the state engages in activities that ordinarily would not be performed by private individuals.

When the state engages in an activity that a private individual typically would not perform, such as the maintenance of state highways or the issuance of state drivers' licenses, the public duty doctrine will shield the state from liability. *See Knudsen*, 490 A.2d at 978; *Ryan*, 420 A.2d at 843. The purpose behind the public duty doctrine "is to encourage the effective administration of governmental operations by removing the threat of potential litigation." *Catone*, 555 A.2d at 333. The special duty doctrine, however, an exception to the public duty doctrine, will subject the state to liability despite the fact that the activity engaged in by the state was one that a private individual typically would not perform.

In order for plaintiffs to come within the special duty doctrine, "plaintiffs must show a breach of some duty owed them in their individual capacities and not merely a breach of some obligation owed the general public." *Ryan*, 420 A.2d at 843. This court has held that a special duty is created

when a plaintiff is "a specific identifiable victim or * * * a member of a group of identifiable victims." *Saunders*, 446 A.2d at 751. In *Knudsen* we stated:

> "In the cases in which we have affirmed the existence of a special duty, either the plaintiffs have had prior contact with state or municipal officials who then knowingly embarked on a course of conduct that endangered the plaintiffs, or they have otherwise specifically come within the knowledge of the officials so that the injury to that particularly identified plaintiff can be or should have been foreseen." *Knudsen*, 490 A.2d at 978.

"In the absence of such a special duty, there could be no basis for state liability." *Orzechowski*, 485 A.2d at 548.

Turning our attention to the facts of the case at hand, in order to determine what duty, if any, was owed to plaintiffs, we must first examine the activity that was being performed by the state. The plaintiffs allege that their home and surrounding property were damaged as a direct result of defendants' actions in reconstructing Mendon Road. It cannot be disputed that the reconstruction of Mendon Road, a state highway, is an activity that is performed exclusively by the state. *See* G.L. 1956 (1989 Reenactment) chapter 8 of title 24; *see also Carroccio v. Moran*, 553 A.2d 1076, 1077 (R.I.1989) (per curiam); *Knudsen*, 490 A.2d at 978.

■ Because the state's activity was one that a private individual typically would not perform, plaintiffs must fall within the parameters of the special duty doctrine in order to maintain the present action. We are of the opinion that plaintiffs were specifically identifiable and therefore have standing pursuant to the special duty doctrine. We reach this conclusion for the following reasons.

At the time of the actual reconstruction of Mendon Road plaintiffs were abutting landowners to the project. Prior to the commencement of the reconstruction, the state condemned a portion of plaintiffs' property and paid plaintiffs the fair-market value for the parcel of land taken. In

addition plaintiffs contend that at some point during the month of February 1988, prior to the flooding of plaintiffs' home, Ada Longtin had spoken with men from D'Ambra Construction Company regarding her concern about the altering of the landscape. In response she was told, "[D]on't worry lady, we will fix any damage we do." In considering the totality of the circumstances contained in the record before us, we conclude that plaintiffs were specifically within the knowledge of the state so that injury to plaintiffs could have been and should have been foreseen.

■ Finally we shall briefly address the state's contention that § 24–8–13 bars plaintiffs' action against the state and provides plaintiffs with a potential remedy solely against the contractor's bond. Section 24–8–13 states that a contractor's bond shall be posted by the person whose bid is accepted "to indemnify the town or city where the road lies against damage while the road is being constructed or improved, and the state shall not be liable for any damage occasioned thereby."

The language of § 24–8–13 clearly states that the bond is intended to indemnify cities and towns for any damage caused by reconstruction within the city or town. The state will not be liable to cities or towns for any such damage; rather, the recourse for a city or town will be against the contractor's bond. Section 24–8–13 does not immunize the state from liability in suits brought by private individuals in circumstances similar to those before us now.

For the reasons stated, we are of the opinion that the plaintiffs were specifically identifiable within the meaning of the special duty doctrine and, therefore, we vacate the judgment and remand the case to the Superior Court for a trial on the merits of the complaint.