**Robert MISURELLI et al.**

v.

**STATE of Rhode Island, DEPARTMENT OF TRANSPORTATION.**

No. 89–349–Appeal.

Supreme Court of Rhode Island.

May 14, 1991.

Mark T. Buben, Coia & Lepore, Ltd., Providence, for plaintiff.

James E. O'Neil, Atty. Gen., Rebecca Tedford Partington, Sp. Asst. Atty. Gen., Terence J. Tierney, Asst. Atty. Gen., for defendant.

OPINION

KELLEHER, Justice.

This litigation concerns the plaintiffs' appeal from the grant by a Superior Court justice of the state's motion to dismiss the plaintiffs' complaint pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil

Procedure because the complaint failed to state a claim for which relief could be granted.

The plaintiffs' complaint indicates that on April 10, 1989, they, Robert and Diane Misurelli (the Misurellis), were the owners of a parcel of real estate situated in the city of Cranston at 30 Haven Avenue. Sometime during the summer of 1987 the State's Department of Transportation (DOT) removed the then-existing sidewalk on Cranston Street that adjoined plaintiffs' property. Sometime after the DOT installed the new sidewalk, the wall surrounding the Misurellis' property collapsed. The Misurellis allege that the DOT owed them a duty to excavate, to remove, and to replace the then-existing sidewalk in a reasonably safe manner so that no damage would result to their property.

At a hearing before a Superior Court justice, the trial justice granted the state's motion to dismiss the Misurellis' complaint pursuant to the so-called public-duty doctrine set forth in *Knudsen* and its progeny.

In *Knudsen v. Hall*, 490 A.2d 976, 978 (R.I.1985), this court held that the state's statutory duty to maintain roads ran to the benefit of the public at large and was not a basis for liability for individuals unless the state "knowingly embarked on a course of conduct * * * so that the injury to that particularly identified plaintiff [could] be or should have been foreseen."

The issue regarding the duty owed by the state to members of the general public has been the subject of many decisions of this court. *See, e.g., Gagnon v. State*, 570 A.2d 656 (R.I.1990); *O'Brien v. State*, 555 A.2d 334 (R.I.1989); *Catone v. Medberry*, 555 A.2d 328 (R.I.1989); *Knudsen v. Hall*, 490 A.2d 976 (R.I.1985); *Ryan v. State Department of Transportation*, 420 A.2d 841 (R.I.1980).

■ Recently, in *Longtin v. D'Ambra Construction Co.*, 588 A.2d 1044, 1045–46 (R.I.1991), this court emphasized that if the activity the state is performing is one that a private individual usually performs, "the state [then] owes the public a duty of reasonable care and will be liable for a breach of that duty to the same extent a private

individual would be in the same circumstances." Conversely, if the state is engaged in an activity that a private individual typically would not perform, such as the maintenance of state highways or the issuance of a driver's license, the public-duty doctrine expressed in *Knudsen* acts to shield the state from liability. *Id.* at 1046. The underlying purpose of the public-duty doctrine "is to encourage the effective administration of governmental operations by removing the threat of potential litigation." *Catone*, 555 A.2d at 333.

However, despite the fact that the activity engaged in by the state is one that a private individual typically would not perform, a plaintiff may be able to recover under the "special duty doctrine," an exception to the public-duty doctrine. In order for plaintiffs to come within the shelter of the special-duty doctrine, they "must show that the governmental body or its agent breached a special duty of care owed to them in their individual capacities" and not merely a breach of some obligation owed to the general public. *Catone*, 555 A.2d at 330. This court has held that a special duty is created when a plaintiff is " 'a specific identifiable victim or * * * a member of a group of identifiable victims.' " *Longtin*, 588 A.2d at 1046.

■ It is obvious from the record that after the DOT had removed the then-existing sidewalk that adjoined the Misurellis' property, the wall surrounding their property collapsed. We agree with the Misurellis when they argue that the DOT owed them a special duty to excavate, to remove, and to replace the then-existing sidewalk in a safe and reasonable manner; and since the wall was damaged, the DOT breached its duty.

For the reasons stated, we are of the belief that the plaintiffs were a specifically identifiable group within the meaning of the special-duty doctrine. Consequently the plaintiffs' appeal is sustained, the judgment of the Superior Court is vacated, and the case is remanded to the Superior Court

for a trial on the merits of the Misurellis' complaint.