[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before this Court is the State of Rhode Island's ("the State") motion to dismiss pursuant to Rule 12(b)(6) of Sup. Ct. R. Civ. P. After hearing arguments, this Court, exercising its discretion under Rule 12(6), decided to treat this motion as one for summary judgment pursuant to Sup. Ct. R. Civ. P. 56 and ordered the third-party plaintiff to file a supplemental memorandum of law.
On December 16, 1989, Trinada Samari and Colodomiro Beltri ("plaintiffs") were traveling north on Route 95 when their car struck an ice patch and slid off the road. Shortly thereafter, a Rhode Island state trooper arrived on the scene and unsuccessfully attempted to move plaintiff's vehicle back onto the road surface. After calling for a tow truck, the trooper waited in his patrol car to the rear of plaintiff's disabled vehicle with his emergency lights flashing. A short time later, George and Michelle Kovras ("third-party plaintiffs") were also traveling north on Route 95 when their vehicle struck the patch of ice and collided with plaintiff's disabled vehicle.
On February 6, 1990, plaintiffs filed a civil action alleging that the accident resulted from the third-party plaintiff's negligence. Plaintiffs did not allege a cause of action against the State. The third-party plaintiffs subsequently filed a third-party complaint alleging that the State would be liable for indemnity or contribution if the third-party plaintiffs were ultimately found negligent.
The State has moved this Court to dismiss the third-party complaint pursuant to Rule 12(b)(6) of Sup. Ct. R. Civ. P., arguing that the public duty doctrine precludes its liability. Pursuant to Rule 12(b), this Court decided to treat the State's motion as one for summary judgment and ordered the third-party plaintiffs to file a supplemental memorandum containing both the legal and factual bases for the state's liability.
On November 12, 1991, the State filed a second supplemental memorandum citing a Rhode Island Supreme Court show cause order in Tucci v. Gill upholding this Court's grant of summary judgment in a civil action against the Town of Cumberland. InTucci, the plaintiff alleged that the town was grossly negligent in failing to remedy dangerous icy road conditions of which it had prior knowledge. The sole issue before our Supreme Court in Tucci was whether the public duty doctrine precluded recovery where the state or its municipalities were grossly negligent. The Tucci court upheld this Court's grant of summary judgment against the plaintiff, stating that the facts of the case did not give rise to a private duty.
The third-party plaintiffs allege that the State's conduct was a causal factor in the accident. The specific allegations against the State include negligent failure to timely sand the roadway and negligent failure to properly warn motorists of the hazardous conditions. The third-party plaintiffs contend that the State's negligent failure to sand the roadway and warn oncoming motorists constitutes egregious conduct for which the State cannot avoid liability.
Summary judgment is a means of curtailing litigation in the early stages where the court finds that no genuine issue of material fact exists. Trend Precious Metals v. Sammartino,577 A.2d 986, 988 (R.I. 1990). The court must recognize that summary judgment is a drastic remedy which should be cautiously applied.Rustigian v. Celona, 478 A.2d 187, 189 (R.I. 1984). The court must look for factual issues and is precluded form assessing the weight or credibility of the evidence. Id. When passing on a motion for summary judgment, the court must examine all pleadings, affidavits, and other similar matters in the light most favorable to the non-moving party before determining whether a genuine issue of material fact exists. Trend Precious Metals,577 A.2d 986, 988.
The shield of government immunity has been substantially eroded in recent years to provide recovery for individuals injured by tortious governmental conduct. Bierman v. Shookster,590 A.2d 402, 404 (R.I. 1991). Where the government engages in conduct ordinarily engaged in by private individuals, tort liability is assessed according to ordinary standards of negligence. See Longtin v. D'Ambra Const. Co., Inc.,588 A.2d 1044, 1046 (R.I. 1991) (state owes duty of reasonable care when conduct is private in nature). The public duty doctrine, however, creates governmental immunity for governmental actions that are discretionary in nature and not otherwise engaged in by private citizens. Bierman, 590 A.2d 402, 403.
Under the public duty doctrine, the Rhode Island Supreme Court has determined that the government is liable for its tortious conduct where the plaintiffs can establish that they are individually entitled to a special duty not otherwise owed to the general public. Id. at 404. A special duty exists where government officials or agents knowingly embark on a course of conduct that endangers a specific identifiable person, or where a specific individual comes under the government's realm of knowledge and injury to that specific individual was forseeable.Knudsen v. Hall, 490 A.2d 976, 978 (R.I. 1985). Absent a special duty, there is no basis for government liability.
Despite the special duty exception, our Supreme Court further abrogated governmental immunity for conduct engaged in exclusively by the government in Verity v. Danti, 585 A.2d 65
(R.I. 1991). The Verity court held that the public duty doctrine should not cloak the state with immunity where its conduct is egregious. Id. at 67. The court concluded that "when the state has knowledge that it has created a circumstance that forces an individual into a position of peril and subsequently chooses not to remedy the situation, the public duty doctrine does not shield the state from liability." Id.
In the instant action, it is undisputed that the State's obligation to maintain safe travel conditions on its highways is a duty owed to the general public which is not otherwise engaged in by private individuals. The obligations of the state police in patrolling our highways likewise involve a duty owed to the general public. Since the State's conduct here is exclusively governmental in nature, the public duty doctrine would preclude liability unless the third-party plaintiffs satisfy an exception.Kowalski v. Campbell, 520 A.2d 973, 974 (R.I. 1987).
The third-party plaintiffs do not allege facts sufficient to support the special duty exception to the public duty doctrine. The facts of this case do not satisfy this Court that the State knowingly embarked on a course of conduct that endangered the third-party plaintiffs specifically, or that their injury should have been foreseen. See Knudsen, 490 A.2d 976, 978 (criteria for establishing special duty). This Court, therefore finds that the State owed no special duty to the third-party plaintiffs.
The absence of a special duty in this case, however, does not preclude the third-party plaintiff's recovery against the State. The third-party plaintiffs allege that the State's failure to timely sand Route 95 and properly warn motorists of the icy conditions was egregious conduct under the standards established in Verity.
The State's reliance on the Tucci show cause order is misplaced with respect to plaintiff's egregious conduct argument. The sole issue before the Tucci court was whether the public duty doctrine precludes recovery where the state or its municipalities are grossly negligent. The Tucci court held that the facts did not establish that the town owed the plaintiff a private duty. The plaintiff in Tucci did not argue egregious conduct in its memorandum to the Supreme Court because it was filed prior to the Verity decision. Since the Supreme Court order did not specifically address the Verity egregious conduct standard, this Court finds that the Tucci order is not controlling in the instant action.
The Verity court did not establish specific guidelines for determining when certain conduct is egregious. The relevant facts of each case must be examined independently to determine whether conduct is egregious. Bierman, 590 A.2d 402, 404. Whether the State's conduct in this case created circumstances that forced the third-party plaintiffs into a position of peril which the state subsequently chose not to remedy clearly involves a genuine issue of material fact. Since this Court is satisfied that a genuine issue of material fact exists, it would be improper to dispose of this case on summary judgment. Accordingly, the State's motion to dismiss, treated by this Court as a motion for summary judgment, is hereby denied.
Counsel shall prepare an appropriate order for entry.