[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the Court on defendants' motion to dismiss plaintiff's complaint pursuant to R.C.P. 12(b)(6). Defendants are being sued in their capacities as Treasurer of the State of Rhode Island and Director of the Department of Transportation.
Statement of Facts
Plaintiff has filed the present action in his capacity as guardian for the estates of his two daughters, Tammy June Swiech and Cynthia Swiech, as well as the estate of the unborn fetus of Tammy, who was approximately eight and one-half (8 1/2) months pregnant at the time of the accident. The facts giving rise to the accident are not herein disputed.
On or about April 16, 1989, both Tammy and Cynthia were passengers in an automobile being driven by Eileen Spoor. Just prior to the accident, the Spoor automobile had been traveling southerly on Route 146A and had slowed to take a left turn into the Landmark Medical Center. This intersection is controlled by a traffic light which was green as the Spoor automobile approached. As the Spoor automobile turned left, it was struck by another automobile which had been traveling northerly on Route 146A. This northerly bound auto also had a green light.
Plaintiff alleges that as a result of this collision both Cynthia and Tammy sustained severe injuries. Additionally, plaintiff alleges that the accident caused the death of Tammy's eight and one-half months old unborn fetus. Plaintiff's complaint further alleges that the State, as well as other named parties,[1] were negligent in planning, designing, and otherwise maintaining the intersection and that this negligence was a proximate cause of the accident. The State essentially seeks dismissal on two grounds. First, the State contends that the decision to construct a new highway or to repair an existing one is a governmental planning decision and, as such, shields it from liability under the doctrine of discretionary immunity. Alternatively, the State contends that the doctrine of sovereign immunity operates as a bar to plaintiff's recovery.
Analysis
The very premise of the public duty doctrine, which immunizes a state or municipality from liability for its negligent actions, is to encourage "the effective administration of governmental operations by removing the threat of potential litigation."Catone v. Medberry, 555 A.2d 328, 333 (R.I. 1989). However, this immunity is not absolute. Our Supreme Court has limited its application where a special duty is owed to the plaintiff or where the state or municipality has engaged in an activity which a private individual would engage in. See, Knudsen v. Hall,490 A.2d 976 (R.I. 1985); O'Brien v. State, 555 A.2d 334 (R.I. 1989). More recently, the Court has held that where the state's or municipality's conduct is particularly egregious the public duty doctrine will not cloak the state or municipality with immunity. Verity v. Danti, 585 A.2d 65 (R.I. 1991).
A careful analysis of those facts which plaintiff has pled demonstrates that plaintiff has failed to come under any of the aforementioned exceptions which would allow him to pierce the state's shield of sovereign immunity.
In the first instance, plaintiff has not alleged that the State owed a special duty to either Cynthia, Tammy, or the unborn fetus. A special duty is owed where the
 "plaintiff[s] have had prior contact with state or municipal officials who then knowingly embarked on a course of conduct that endangered the plaintiff[s], or they have otherwise specifically come within the knowledge of the officials so that the injury to that particularly identified plaintiff can be or should have been foreseen."
Knudsen, 490 A.2d at 978. Simply put, plaintiff has failed to plead the existence of any facts which would imply that any of the injured parties could have been foreseen as "specific, identifiable" victims of the State's alleged negligence. Id. As such, any duty owed by the State was to the public in general which is insufficient to allow plaintiff herein to recover. See,Ryan v. State Department of Transportation, 420 A.2d 841, 843 (R.I. 1980).
Under the exception recognized under O'Brien, plaintiff, in order to recover, must show that the activity which gave rise to liability was one which was capable of being performed by a private individual or corporation. O'Brien, 555 A.2d at 338. Such is not the case here. The design or construction of a highway is a function of the state or municipality and not one ordinarily left to the discretion of a private individual or corporation. R.I.G.L. § 24-8-4 specifically authorizes the director of transportation to make any necessary changes with respect to the safety of state highways. Where the state or municipality decides to place, or fails to place, a traffic-control signal it is acting in an area in which no private person may intrude. Polaski v. O'Reilly, 559 A.2d 646, 647 (R.I. 1989). Therefore, plaintiff fails to come within the "private function" exception to sovereign immunity.
Under the exception recognized by the Supreme Court inVerity, plaintiff's threshold burden was to plead those facts which would establish that the state's conduct was so egregious so as to place the injured parties into a position of peril without subsequently remedying the danger. Verity, 585 A.2d at 67. Plaintiff's complaint is wholly devoid of such facts and therefore fails to come within the purview of the Verity
exception.
Although its armour has recently been somewhat weakened, the shield of sovereign immunity is nevertheless a bar to a plaintiff's recovery absent one of the exceptions recognized by our Supreme Court. As plaintiff has failed to establish those facts necessary to fall within any of the exceptions the shield of governmental immunity remains intact and thus bars plaintiff from recovery herein.
In that the Court has dismissed plaintiff's claim with respect to the State based upon the doctrine of sovereign immunity, defendant's argument that the claim is barred by the doctrine of discretionary immunity is rendered moot.
For the reasons herein above set out, this Court finds that plaintiff has failed to state a claim upon which relief can be granted. Accordingly, defendants' motion to dismiss pursuant to R.C.P. 12(b)(6) is hereby granted.
Counsel shall prepare the appropriate judgment for entry.
[1] Plaintiff has also named as defendants Henrietta T. Delage, in her capacity as Treasurer of the Town of North Smithfield; Garofalo Associates, Inc., and John Doe and/or John Doe, Inc. in matters not presently before the Court.