[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
Before this Court is Defendants' motion to dismiss pursuant to Super. R. Civ. P. 12(b)(6). This Court heard oral arguments on the motion on August 16, 2004.
Facts and Travel
On Febuary 27, 2001, Plaintiff, John Patnaude, entered into a purchase and sales agreement with the owners of real estate located at 613 Aquidneck Avenue, Middletown, Rhode Island The agreement was contingent upon the property being zoned for automobile sales and service.[1]
On March 26, 2001, Mr. Patnaude visited the Middletown building/zoning official, Jack Maloney, and presented a written request for confirmation that the property was a grandfathered nonconforming use which could be used for automobile sales and service. The request notified Mr. Maloney that Mr. Patnaude intended to purchase the property and use it for an automobile sales and service center. On that same date, Mr. Maloney responded in writing to Mr. Patnaude's request, and opined that the "use of the property as a `used car' dealership would be allowed as a preexisting nonconforming use."
Mr. Patnaude closed on the property on April 6, 2001. After the sale, Mr. Patnaude began renovating the property. Shortly thereafter, an abutter to the property appealed the zoning certificate issued by Mr. Maloney to the Middletown Zoning Board of Review (hereinafter Zoning Board). After a hearing, the Zoning Board reversed Mr. Maloney's determination and found that the prior use as a used car dealership had been abandoned by the previous owner.[2] In particular the Zoning Board found that the abandonment occurred in 1979 as a result of the previous owner's petition for a use variance to change the use of the property from a used car dealership to light industry. The Zoning Board granted that petition, and the previous owner was also granted an electrical permit to conduct changes to the building.
Mr. Patnaude was unable to conduct business on the property as a result of the Board's decision, and thus, was unable to pay the mortgage. The previous owners, Mr. and Mrs. Alofsin, who held the mortgage on the property, responded by foreclosing on the mortgage.
On March 26, 2004, the Plaintiff filed the present complaint.[3] The Plaintiff alleges that Mr. Maloney, acting within the scope of his authority as the Town of Middletown Building/Zoning Official intentionally and/or negligently failed to consider documents under his control, or at his disposal, when he provided the Certificate of Zoning Compliance to the Plaintiff. Specifically, Plaintiff avers that Mr. Maloney failed to perform due diligence and exercise due and reasonable care with regards to the factual basis for the Certificate of Zoning Compliance issued by him.
Standard of Review
In determining whether to grant a Rule 12(b)(6) motion to dismiss, this Court "assumes the allegations contained in the complaint to be true and views the facts in the light most favorable to the plaintiffs." Giulianov. Pastina, Jr., 793 A.2d 1035, 1036-37 (R.I. 2002) (quoting Martin v.Howard, 784 A.2d 291, 297-98 (R.I. 2001)). This Court should not grant the motion "unless it appears to a certainty that [the plaintiffs] will not be entitled to relief under any set of facts which might be proved in support of [their] claim." Id. at 1037 (quoting Bragg v. Warwick ShoppersWorld, Inc., 102 R.I. 8, 227 A.2d 582, 584 (R.I. 1967)). "The standard for granting a motion to dismiss is a difficult one for the movant to meet." Diciantis v. Wall, 795 A.2d 1121 (R.I. 2002).
In its motion to dismiss, the Defendants aver that the Plaintiff is merely seeking damages based on his reliance on the zoning certificate. The Defendants submit two reasons why they believe the Plaintiff's claim must fail. First, the Defendants aver that the case of Tompkins v. ZoningBd. Of Review of the Town of Little Compton, 2003 WL 22790829, C.A. No. NC2001-204 (R.I. Super 2003), makes clear that a zoning certificate does not vest any rights in Plaintiff. Second, the defendants aver that Plaintiff's present claim is not ripe because of his pending appeal of the Zoning Board's Decision.
As to the Defendants' first contention, this Court notes that the Plaintiff is not appealing the issuance of or the information contained in the zoning certificate. That issue will be addressed, or dismissed under the rationale of Tompkins, in the pending appeal of the Zoning Board's decision. This Court is concerned with the present action — the alleged intentional or negligent acts or omissions of the Building/Zoning Official.
Section 9-31-1(a) provides that
 [t]he state of Rhode Island and any political subdivision thereof, including all cities and towns, shall, subject to the period of limitations set forth in § 9-1-25, hereby be liable in all actions of tort in the same manner as a private individual or corporation; provided, however, that any recovery in any such action shall not exceed the monetary limitations thereof set forth in this chapter.
According to the public-duty doctrine, Rhode Island governmental entities enjoy immunity from tort liability arising out of their discretionary governmental actions that by their nature are not ordinarily performed by private persons. Haley v. Town of Lincoln,611 A.2d 845, 849 (R.I. 1992). The Rhode Island Supreme Court has, however, established definite limitations on the immunity of government.See generally Verity v. Danti, 585 A.2d 65 (R.I. 1991). Liability will not attach "absent proof that a special duty is owed to the plaintiff as an individual rather than as a member of the general public."[4] Id. at 66.
In cases in which courts have acknowledged the existence of a special duty, the plaintiffs have had some form of prior contact with state or municipal officials "who then knowingly embarked on a course of conduct that endangered the plaintiffs, or they have otherwise specifically come within the knowledge of the officials so that the injury to that particularly identified plaintiff can be or should have been foreseen."Quality Court Condominium Ass'n v. Quality Hill Dev. Corp., 641 A.2d 746, 750 (R.I. 1994) (citing Knudsen v. Hall, 490 A.2d 976, 978 (R.I. 1985)).[5]
At the outset we note that the activities — record keeping and the issuance of the zoning certificate[6] — cannot be engaged in by private enterprise. Consequently, the action falls within the ambit of conduct covered by the public-duty doctrine. Furthermore, the Plaintiff met with Mr. Maloney to discuss his planned purchase and use of the property and also submitted a written request for information regarding the use of the lot as a used car dealership. This Court is persuaded that the specific events listed above brought the property owner "specifically into the realm of [the city's] knowledge . . . so that the injury to that particularly identified plaintiff can be or should have been foreseen." Consequently, the city owed Plaintiff a special duty.[7]
The issue then becomes whether Mr. Maloney acted negligently in carrying out his duties. This Court emphasizes again that it is not examining whether the Plaintiff obtained any vested rights through the issuance of the zoning certificate, but whether Mr. Maloney properly discharged his duties with regard to Mr. Patnaude.
The Plaintiff has submitted the deposition testimony of Mr. Maloney in which Mr. Maloney acknowledges that his job responsibilities include keeping the records for both the building and zoning departments. Among those records are the 1979 petition and decision of the Zoning Board related to the change of use from automobile sales to light industry. In his deposition, Mr. Maloney states that he issued his opinion to Mr. Patnaude based on "his familiarity with the property and with my experience as the zoning officer. . . ."[8] He further indicated that he did no other research regarding the property in question.
The Plaintiff avers that Mr. Maloney was clearly aware of the Plaintiff's plans and the implications of the zoning certificate upon Plaintiff's plans, and was either aware of, or in discharging his duties should have been aware of, the information within his control about the property. The Plaintiff's complaint is based upon Mr. Maloney's failure to either consider this information under his control or to disclose this information to Mr. Patnaude.
If the Plaintiff can prove at trial that but for the building official's issuance of the zoning certificate, he would not have purchased the property, sufficient proximate cause for his loss could be established. This Court notes that the record before us contains sufficient facts which, if more fully developed at trial, could possibly support such a finding.
The Defendants' second argument is based on ripeness. The Defendants aver that the pending appeal of the Zoning Board's decision prevents this action from being ripe. The requirement of ripeness is based on the principle that a court "will not render advisory opinions or function in the abstract." Rhode Island Ophthalmological Society v. Cannon,113 R.I. 16, 28, 317 A.2d 124, 130-31 (1974). Thus, a case is "ripe for review only when there is an allegation of an injury in fact and when the claims that are made are capable of proof at trial." Palazzolo v. State,746 A.2d 707, 713 (R.I. 2000) (citing Cannon, 113 R.I. at 28, 317 A.2d at 130-31. This is not an abstract case. The Plaintiff has clearly alleged an injury in fact, i.e., the closure of his business and the foreclosure of the property. Plaintiff's alleged damages in the instant controversy are sustainable of proof at trial regardless of the outcome of the Zoning Board appeal.
Conclusion
For the forgoing reasons, this Court denies the Defendants' motion to dismiss.
The Plaintiff will present an order reflecting the disposition of this motion.
[1] The owners at the time were Mr. and Mrs. Eugene Alofsin. The property was advertised for sale as a legally preexisting nonconforming use which authorized automobile sales and service.
[2] The Plaintiff has appealed the decision of the Middletown Zoning Board of Review. John Patnaude v. Town of Middletown Zoning Board of Review, C.A. No. NC2001-0545. That case is currently pending in Newport County Superior Court. The Plaintiff has also filed suit against Mr. and Mrs. Eugene Alofsin for negligent misrepresentation. John Patnaude v. Eugene Lawrence Alofsin, et al, C.A. No. NC2002-0349. That case is also currently pending in Newport County Superior Court.
[3] The Plaintiff presented his claim for damages to the Middletown Town Council as required by R.I.G.L. 45-15-5. The Town Council did not respond within 40 (forty) days of said presentment of claim.
[4] The Rhode Island Supreme Court has held that § 9-31-1's waiver of the traditional sovereign immunity enjoyed by state and municipal governments for their discretionary acts is restricted to three situations: (1) when the governmental entity owes a "special duty" to the plaintiff, (2) when the alleged act or omission on the part of the governmental entity was egregious, or (3) when the governmental entity engaged in activities normally undertaken by private individuals or corporations. Kuzniar v. Keach, 709 A.2d 1050, 1053-1054 (R.I. 1998). It is clear to this Court that only the special-duty exception to the public-duty doctrine is at issue here.
[5] See also Kuzniar v. Keach, supra, at 1056. "[T]he existence of a special duty running from the city to [Plaintiff] depended upon plaintiffs establishing the existence of the following duty-triggering circumstances: (1) one or more city officials had some form of prior contact with or other knowledge about [Plaintiff] or [his] situation before the alleged negligent act occurred, (2) city officials thereafter took some action directed toward [Plaintiff] or [his] interests or failed to act in some way that was potentially injurious to [Plaintiff's] person or property, and (3) injury to [Plaintiff] or [his] interests was a reasonably foreseeable consequence of the city's action or inaction."
[6] Even assuming that a zoning certificate vests no rights, the zoning/building official still has an obligation to discharge his duty — providing guidance or clarification under R.I.G.L. § 45-24-54 — with due care.
[7] The existence of a legal duty is purely a question of law, and the court alone is required to make this determination. Kuzniar v. Keach,
supra, at 1055.
[8] Mr. Maloney did indicate that he was familiar with the 1979 decision contained within the files.