John J. Nugent, Jr., Paul L. Harwood, Ronald J. Resmini Ltd. Law Offices, Providence, for plaintiff.

Leonard A. Kiernan, Jr., Donald A. Woodbine, Patricia Breslin, Kiernan & Plunkett, Providence, Michael Kiselica, Warwick, for defendant.

## OPINION

WEISBERGER, Justice.

This action comes before us on the plaintiff's appeal from a summary judgment entered in the Superior Court in favor of the defendant, Thomas Eagan, the treasurer of the city of Warwick. We affirm. The facts of the case insofar as pertinent to this appeal are as follows.

On July 25, 1986, plaintiff received personal injuries as a result of an automobile collision that took place at the intersection of Longmeadow Avenue and Hope Avenue in the city of Warwick. The other vehicle was operated by defendant Terence J. O'Reilly and owned by defendant Joan N. O'Reilly. The plaintiff brought action in the Kent County Superior Court against Terence and Joan O'Reilly, and also against the city of Warwick,[1] which was alleged to

Vito A. POLASKI, Jr.

v.

Terence J. O'REILLY et al.

No. 88–134–Appeal.

Supreme Court of Rhode Island.

June 6, 1989.

---

**1.** The action of Vito A. Polaski, Jr. against Terence J. O'Reilly and Joan N. O'Reilly, as well as a counterclaim brought by the O'Reillys against

Polaski, remains to be determined by the Superior Court. However, a certificate was filed in accordance with R. 54(b) of the Superior Court

have been negligent in that it allowed a stop sign at the intersection to be mutilated beyond recognition and to become obstructed from view by trees, brush, and bushes. The city of Warwick moved for summary judgment in respect to plaintiff's complaint, and said motion was granted by a justice of the Superior Court on the authority of our opinion in *Knudsen v. Hall,* 490 A.2d 976 (R.I.1985).

After a review of the applications of the public duty doctrine, *see, e.g., Orzechowski v. State,* 485 A.2d 545 (R.I.1984); *Saunders v. State,* 446 A.2d 748 (R.I.1982); and *Ryan v. State Department of Transportation,* 420 A.2d 841 (R.I.1980), we concluded in *Knudsen* that the state did not have a specific identifiable duty to persons who were injured as a result of a missing stop sign and excessive overgrowth of brush at an intersection, in spite of the state's obligation to keep its highways in good repair. 490 A.2d at 978; G. L.1956 (1979 Reenactment) § 24-8-14. We pointed out, however, that the Legislature has specifically imposed liability on towns for personal injury resulting from " 'neglect to keep [town] highways in repair.' " 490 A.2d at 978 n. 5; §§ 24-5-12 and 24-5-13.

We are also aware that G.L.1956 (1988 Reenactment) § 45-15-8 imposes liability upon municipalities in the following terms:

"Right against town for damages from neglect to maintain highway or bridge.— If any person shall receive or suffer bodily injury or damage to that person's property by reason of defect, want of repair, or insufficient railing, in or upon a public highway, causeway, or bridge, in any town which is by law obliged to repair and keep the same in a condition safe and convenient for travelers with their teams, carts and carriages, which injury or damage might have been prevented by reasonable care and diligence on the part of the town, the person may recover, in the manner hereinafter provided, of the town the amount of damages, sustained thereby, if the town had reasonable notice of the defect, or might

have had notice thereof by the exercise of proper care and diligence on its part."

Section 45-15-9 provides for bringing an action on the part of any person so injured or damaged, subject to giving the town notice thereof within sixty days of the injury. It must be borne in mind that the foregoing right of action and statutory liability relates to the keeping of highways in repair. These provisions do not deal with the placement of traffic-control signals and devices. Such installation is dealt with in G. L. 1956 (1982 Reenactment) § 31-13-3, which states that "[t]he traffic authority of any city or town *may* place and maintain traffic control signals, signs, markings and other safety devices upon the highways under their jurisdiction as they may deem necessary." (Emphasis added.) This statutory provision speaks in permissive rather than mandatory terms. In short, the placing of traffic-control signals is a discretionary act for which no statutory duty or liability has been imposed. Consequently, we are of the opinion that the *Knudsen* rationale is applicable to the municipality in the case at bar to the same extent as it was applicable to the state agency in *Knudsen.*

As we stated in *Knudsen,* there is not a shred of evidence on the record before us that would indicate that plaintiff in this case could have been foreseen as a specific, identifiable victim of the city's negligence here. 490 A.2d at 978.

This result is not changed by the doctrine that we recently enunciated in *Catone v. Medberry,* 555 A.2d 328 (R.I.1989), and *O'Brien v. State,* 555 A.2d 334 (R.I.1989). In those cases we declined to apply the public duty doctrine to activities conducted by the state of a type which might be performed by any private person (owner of motor vehicles or land). Here, on the other hand, in placing, or failing to place or maintain a traffic-control sign, the city of Warwick was acting in an area in which no private person could intrude. Thus, the *Catone—O'Brien* opinions have no impact upon the case at bar.

Rules of Civil Procedure by the trial justice in entering judgment in favor of the city of War-

wick. Consequently, this judgment is properly before us for review.

For the reasons stated, the plaintiff's appeal is denied and dismissed. The summary judgment entered in the Superior Court is hereby affirmed. The papers in the case may be remanded to the Superior Court for further proceedings.