**Cynthia E. CATRI**

v.

**Thomas E. HOPKINS et al.**

**No. 91–239–Appeal.**

Supreme Court of Rhode Island.

June 26, 1992.

Anita E. Flax, Coffey & Martinelli, Aram Schefrin, Providence, for plaintiff.

Ellen Evans Alexander, Sp. Asst. Atty. Gen., Joel K. Gerstenblatt, Gerstenblatt & Gerstenblatt, Dennis J. Roberts, II, Roberts, Carroll, Feldstein & Peirce, Heath Comley, Roberts, Carroll, Feldstein & Peirce, Providence, for defendant.

## OPINION

KELLEHER, Justice.

In this controversy the plaintiff, Cynthia E. Catri, in her capacity as administratrix for the estate of Alan W. Catri (Catri), appeals from a Superior Court order granting summary judgment in favor of the defendants, the State of Rhode Island and the town of South Kingstown.[1] We affirm the decision of the trial justice.

On September 5, 1982, Catri was driving westbound on Tuckertown Road, a highway in the town of South Kingstown. Thomas E. Hopkins was traveling northbound on Ministerial Road, a state highway also designated as Route 110. At the intersection of Tuckertown Road and Route 110, a collision occurred in which Catri died. At the time of the collision, Tuckertown Road was equipped with stop signs but Ministerial Road was not, despite numerous re-quests by the town to the State Department of Transportation and the State Traffic Commission for the installation of traffic-control signals and signs in order to improve the safety of this intersection. The record indicates some evidence that stop signs had been installed on Ministerial Road and were removed because the intersection had not been officially designated a proper four-way stop. Mrs. Catri maintains that both the town and the state contributed to the unsafe condition of the intersection that caused the unfortunate incident and thus are exposed to tort liability as each defendant falls into the exception to the public-duty doctrine set forth in *Verity v. Danti,* 585 A.2d 65 (R.I.1991). Mrs. Catri further contends that neither the state nor the town may escape liability on the basis of discretionary immunity.

The public-duty principles established in *Knudsen v. Hall,* 490 A.2d 976 (R.I.1985), control matters involving the State of Rhode Island's allegedly negligent maintenance of its public roadways. Since the public-duty doctrine and its reasoning has been extended by this court to municipalities as well, *Barratt v. Burlingham,* 492 A.2d 1219 (R.I.1985), we shall discuss both the state and the town as one entity. In *Knudsen,* which involved a collision that occurred at the intersection of two state roads, this court created governmental immunity for those claims that arise out of discretionary governmental actions. 490 A.2d at 978. The public-duty doctrine immunized the state from tort liability in the absence of circumstances giving rise to a special duty owed to a plaintiff by the state. *Id.* In other words, a special relationship is a prerequisite to a court's imputation of liability. *See Gagnon v. State,* 570 A.2d 656, 659 (R.I.1990); *Barratt v. Burlingham,* 492 A.2d at 1222. The existence of a special duty, which we have previously defined as one "owing to a specific identifiable individual," is created in distinct circumstances. *Orzechowski v. State,* 485 A.2d 545, 548 (R.I.1984). A special

---

1. Mrs. Catri has additionally sued the driver of the car, Thomas E. Hopkins, and his father and owner of the vehicle, Everett J. Hopkins, for negligence. All the defendants have filed cross-claims seeking indemnification and/or contribution. For purposes of this opinion, we address only the state's and the town's contentions.

duty has been held to exist in instances where "either the plaintiffs have had prior contact with state or municipal officials who then knowingly embarked on a course of conduct that endangered the plaintiffs, or they have otherwise specifically come within the knowledge of the officials so that the injury to that particularly identified plaintiff can be or should have been foreseen." *Knudsen,* 490 A.2d at 978 and n. 4. The record indicates that Catri had no contact with either state or town officials nor has come within the specific ambit of knowledge necessary so as to be denoted as an identifiable plaintiff. Consequently the state did not owe Catri a special duty for which liability would attach in the controversy before us.

■■■ However, this court has monitored a substantial and deliberate erosion of governmental immunity in order to afford individuals the necessary recourse for tortious injury sustained as a result of egregious governmental conduct. *Bierman v. Shookster,* 590 A.2d 402, 404 (R.I. 1991). For this reason, proof of the existence of a special duty is not always required; the public-duty doctrine is inapplicable in instances in which the activity conducted by the state is of a type that any private individual may perform. *Catone v. Medberry,* 555 A.2d 328, 333 (R.I.1989); *O'Brien v. State,* 555 A.2d 334, 338 (R.I. 1989). One particular exception to the public-duty doctrine, and one on which Catri relies, concerns circumstances in which the state's conduct is so egregious that it would pierce the protective shell the doctrine affords the state. Several cases illustrate how this court has trekked through the morass of the public-duty doctrine.

■■■ In *Bierman* the city of Providence was held to have assumed a duty to maintain a traffic light that it had installed and to repair it when it subsequently malfunctioned. The city's failure to repair the already installed signal was held to be egregious conduct by this court so as to allow liability to attach. 590 A.2d at 404. In a second case, *Verity v. Danti,* 585 A.2d 65 (R.I.1991), a thirteen-year-old girl was injured when she was forced to leave a pedestrian sidewalk and step onto a highway because the state failed to remove a tree on the sidewalk. This court concluded that upon a review of the totality of the circumstances, liability shall attach to the state when a defendant's negligence is so egregious that "to bar suit under the public duty doctrine would effectively excuse governmental employees from remedying perilous situations that they themselves have created." *Id.* at 67. Elements to be considered when determining whether a particular activity may be characterized as egregious conduct on the part of the state include the creation of circumstances involving extreme peril, actual or constructive knowledge of the perilous situation, and a failure to eliminate the dangerous condition within a reasonable time. *Haley v. Town of Lincoln,* No. 90–586–A. (R.I., filed June 25, 1992). While this court's willingness to create several exceptions to discretionary immunity may herald the inevitable and complete abrogation of the public-duty doctrine in this jurisdiction, we do not believe its demise is imminent in the controversy before us.

■■■ The decision making involved in the maintenance of an intersection, and in particular the placement of a traffic-control mechanism, is a discretionary activity. *Polaski v. O'Reilly,* 559 A.2d 646, 647 (R.I. 1989). Consequently it is within a category of conduct shielded by the public-duty doctrine. The state's decision whether to install a traffic signal is contingent upon limited resources, a determination of traffic volume, and a consideration of engineering standards. A more significant ingredient in this process, however, includes sufficient time necessary to implement the state's decision. This present controversy may be distinguished from both *Bierman* and *Verity* in that the state's decision not to install a traffic-control device at the intersection of Tuckertown and Ministerial Roads upon public demand is not an actionable failure or an egregious activity. Unlike the situation described in *Bierman* there was no electrically controlled traffic signal permanently installed on the state road from which a duty to keep operational could arise so that liability would attach to the

state. Moreover, the state's mere decision not to install a permanent traffic-control device on one of its roadways cannot be characterized as egregious conduct. Although the state's sluggish reaction to public outcry to install a signal at the particular intersection in question is regrettable, this court cannot invent liability from the slowest of actions.

Consequently the plaintiff's appeal is denied and dismissed. The order granting summary judgment in favor of the defendants is affirmed, and the papers in the case may be remanded to the Superior Court.