[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
SUPPLEMENT TO DECISION
The matter of Robert N. Houle v. Galloway School Lines Inc.,et als, C.A. No. 89-3790 was reached for trial on November 30, 1992, and decided on December 11, 1992. This case arises out of an automobile accident which occurred on May 2, 1989. The Court, in a bench decision, granted the defendant, Galloway School Lines, Inc. motion for directed verdict as to the claim of negligent design of a school bus route. Said decision determined that because of the fact that the activity of designing a school bus route is essentially a public function, the defendant was derivatively immune from liability for the plaintiff's injuries pursuant to the public duty doctrine. This decision supplements the Court's bench decision.
The pertinent facts are as follows: On or about May 2, 1989, the plaintiff was a passenger in an automobile driven by Mr. Ronald Nasuti, on Route 146 North in and/or around the area in front of the Country Squire Motel in the Town of North Smithfield. This particular area of Route 146 north is comprised of three lanes. The left and middle lanes are the primary travel lanes. The third lane, or the right most lane is an access lane separated from the outer two lanes by a white chatter strip. Mr. Nasuti was traveling in the left travel lane of Route 146 North on the date in question. As Mr. Nasuti approached the area on Route 146 in front of the County Squire Motel, he observed a school bus owned by Galloway School Lines Inc. stopped in the right most access lane.[1] At that time, the school bus' flashing red lights and side stop arm were activated. As a result, Mr. Nasuti brought his vehicle to a stop when he reached the area where the bus was located. At or about the same time, another vehicle driven by Mr. Vincent J. Gadoury was proceeding north on Route 146 in the middle lane of the three lanes. Mr. Gadoury was traveling behind a trailer truck as he approached the area in which the school bus was stopped, and hence did not see said bus. As a result, when the trailer truck began to stop for the bus, Mr. Gadoury merged into the left travel lane to pass said truck, and smashed into the rear portion of Mr. Nasuti's stopped vehicle, rendering the plaintiff a permanent paraplegic.
Thereafter, the plaintiff commenced suit against, among others, Galloway School Lines, Inc. and the Town of North Smithfield, for the injuries he incurred as a result of said accident.[2] The plaintiff alleged that both defendants owed a duty to persons using public highways to exercise reasonable care in their decisions dealing with the operation of school buses which transport students within the town school department and in their determination of school bus routes and stopping areas for loading and unloading child passengers, and that said defendants breached that duty by selecting and/or allowing a school bus route which stopped, loaded and unloaded passengers in an area that was unsafe for such activity.
The Town of North Smithfield was subsequently dismissed from this case. However, the plaintiff proceeded to trial against the remaining defendants including Galloway School Lines Inc. At trial, the plaintiff presented its case to the jury and rested. Thereafter, the defendant, Galloway School Lines Inc. moved for a directed verdict which is the subject of this decision.
The Standard for a Directed Verdict
In ruling on a motion for a directed verdict, the Court must examine all the evidence in a light most favorable to the nonmoving party without considering weight of evidence or credibility of witnesses and draw from that evidence only those reasonable inferences that support the nonmoving party's position. Souza v. Narragansett Council Bay Scouts,488 A.2d 713 (R.I. 1985). If such examination reveals issues upon which reasonable minds could differ, then the motion should be denied, and the jury should be left to determine the issues of the case.Id. 488 A.2d at 714.
Applying this standard to the evidence in the case at bar, this Court finds that under the applicable law, this evidence would not have supported a finding that the defendant, Galloway School Lines Inc. could be legally responsible for the plaintiff's injuries.
The Public Duty Doctrine
The Public Duty Doctrine generally states that governmental entities such as states and municipalities are immune from liability which arises out of discretionary governmental activity. Haley v. Town of Lincoln, 611 A.2d 845, 849 (R.I. 1992). There are, however, three exceptions to this general rule which, if proven, will preclude application of said doctrine.See Haley, 611 A.2d at 848-850. The first exception is if a plaintiff can show that the municipality owed he/she a special duty. Haley, 611 A.2d at 849. This usually arises by virtue of the fact that that particular plaintiff had notified the municipality of some danger, but that the municipality failed to remove the danger, and/or engaged in the dangerous activity anyway. Haley, 611 A.2d at 849. In these cases, the public duty doctrine will not apply and the municipality will be liable for the injuries caused by their tortious activity. See Haley,
611 A.2d 849. The second exception is when the governmental activity which causes the injury is the type which is ordinarily performed by private individuals. Haley, 611 A.2d at 849. An example of this is when an injury arises out of a government entities activity as an owner of land, O'Brien v. State,555 A.2d 334, 337 (R.I. 1989) or as the owner or operator of a motor vehicle. Cantone v. Medberry, 555 A.2d 328, 334 (R.I. 1989). In these cases, the state owes the public a duty of reasonable care and will be liable for a breach of that duty to the same extent that a private individual would be in the same circumstances.Longtin v. D'Ambra Construction Co., 558 A.2d 1044, 1045 (R.I. 1991). The third exception is when the municipality's conduct is so egregious that it would pierce the protective shield the doctrine affords the municipality. Haley, 611 A.2d 849. The elements which are considered when determining whether a municipality's conduct has risen to such a level that it should be characterized as egregious include whether the municipality, in undertaking the discretionary action or in maintaining or failing to maintain the product of the discretionary action, created circumstances that forced a reasonably prudent person into a position of extreme peril, whether the municipality, through its agents or employees capable of abating the danger, knew or should have known of the perilous condition, and whether the municipality eliminated the dangerous condition within a reasonable period of time. Haley, 611 A.2d at 849.
The most recent pronouncement by the Rhode Island Supreme Court of the "egregious conduct" exception to the public duty doctrine is the case of Catri v. Hopkins, 609 A.2d 966 (R.I. 1992). In that case, the administratrix for the estate of a motorist killed in an accident brought suit against both the Town of South Kingstown and the State for failing to install a traffic signal at the intersection in question despite numerous requests by the public to do so. Catri, 609 A.2d at 967. The court found that the state's decision not be install a traffic signal at the intersection in question could not be characterized as "egregious conduct" despite the public outcry for such action. Catri, 609 A.2d at 968. Hence, the court ruled that the state was in fact immune from liability under the public duty doctrine. Catri,
609 A.2d at 969.
In applying these principles to the case at bar, it is clear that although the Town of North Smithfield is no longer a party to this litigation, it would have enjoyed immunity from liability for the plaintiff's injuries pursuant to the public duty doctrine. First, transporting students to and from school is the type of discretionary activity to which the public duty doctrine applies. Second, the facts of this case do not fall under any of the three exceptions to said doctrine. There was no evidence presented at trial which suggested that the plaintiff had any personal contact with the Town of North Smithfield which would have created a special duty. Further, the activity in question is not the type ordinarily performed by private individuals, such as operating a motor vehicle or owning land. Rather, it is the type of activity which is truly a public function which municipalities have an obligation to perform pursuant to a statutory mandate.[3] Finally, the conduct of the town cannot be characterized as egregious. There was no evidence presented which suggested that the town had actual knowledge that a perilous condition existed at this particular bus stop and that the town failed to act on that knowledge within a reasonable time. Further, even assuming arguendo, that the town should have known that loading and unloading children from a bus stop on Route 146 was dangerous and unsafe, the town's conduct would still not be considered egregious in light of the Catri decision where despite specific warnings that a perilous situation existed at a specific location, the court found that the state's conduct did rise to such a level sufficient to eliminate immunity under the public duty doctrine. Catri, 609 A.2d 968.
Liability of Galloway School Lines Inc.
Having determined that the Town of North Smithfield would have been immune from liability pursuant to the public duty doctrine, the question left to be resolved is whether a private party such as Galloway School Lines Inc. which has contracted to perform a government function is entitled to derivative immunity under said doctrine.
This is a case of first impression in the State of Rhode Island. However, there are two federal court cases which have held that such private parties under contract to perform governmental duties are entitled to such immunity.
In the case of Myers v. Morris, 810 F.2d 1437 (8th Cir. 1987) an individual brought suit against private party defendants who were appointed by a state court to provide recommendations and reports concerning child abuse proceedings pending before said court. The court found that because the suit arose from the actions of non-judicial private individuals who were performing quasi-judicial functions intimately related to the judicial process, then such individuals have absolute immunity from such liability. Id. 810 F.2d at 1469.
In the case of DeVargas v. Mason Hanger Silos Mason Co.Inc., 844 F.2d 714 (10th Cir. 1988) an individual brought a Civil rights action against a corporation which provided security inspectors for a research laboratory operated under agreement between the U.S. Department of Energy and State University Regents. The Court found that the functions that the corporation performed for the government run research lab, namely, security inspector services, are functions which government employees would perform had the government not contracted them out to the corporation. Id. 814 F.2d at 722. Hence, the court ruled that because the corporation was essentially performing a "government function," then it was entitled to qualified immunity from liability under the public duty doctrine. Id. 844 F.2d at 722. The court also noted certain policy considerations underlying its decision. Id. 844 F.2d at 723. Among those considerations, the court noted that to expose such contractors to such liability would make said contractors more timid in carrying out their duties under government contracts, and deter such parties from contracting with government entitles to perform necessary government functions. Id. 844 F.2d at 724.
In applying these principles to the case at bar, it is clear that the defendant, Galloway School Lines Inc. is entitled to derivative immunity. As stated earlier, the activity of transporting students within a town school department is one which a municipality has an obligation to perform or to contract out pursuant to a statutory mandate. See, R.I.G.L. 1956 (1988 Reenactment) § 16-21.1-4. Hence, Galloway School Lines Inc. was truly performing a "public function" when operating the school bus on the date of the accident in question.
Therefore, this Court finds that the only inference a fact finder can reach when viewing the evidence in a light most favorable to the plaintiff is that the defendant Galloway School Lines Inc. is entitled to derivative immunity pursuant to the public duty doctrine. Accordingly, no liability in tort could arise against said defendant.
The motion for directed verdict as to all counts as previously decided are granted. The clerk is directed to enter judgment.
[1] Galloway School Lines Inc. was operating said school bus pursuant to a contract with the Town of North Smithfield to transport students within the town school department.
[2] The plaintiff settled his action against Mr. Gadoury.
[3] R.I.G.L. 1956 (1988 Reenactment) Section 16-21.1-4 states in pertinent part:
It shall be the duty of the respective school committees of the city or town to provide the bus transportation required by this chapter, either by use of its own bus facilities and person or by contract.