### Elaine FULLER

v.

### Barry YEAW, in his capacity as Treasurer of the Town of Coventry.

### No. 93–530–Appeal.

Supreme Court of Rhode Island.

May 18, 1994.

Anthony Grilli.

Kathryn Perotta, David Maglio, III.

### ORDER

This matter was before the Supreme Court on May 10, 1994, pursuant to an order directing the plaintiff to appear and to show cause why the issues raised in her appeal should not be summarily decided. In this case the plaintiff, Elaine Fuller, has appealed from an entry of summary judgment in favor of the defendant, Barry Yeaw. The issue presented is whether the town of Coventry breached any duty of care to the plaintiff by allegedly failing to install and maintain a sufficient number of traffic signs at an intersection. After reviewing the memoranda submitted by the parties and after hearing their counsel

in oral argument, the court concludes that cause has not been shown.

The plaintiff in this case was a passenger on a motorcycle involved in a collision with a motor vehicle at an intersection in the town of Coventry, Rhode Island. The defendant filed a motion for summary judgment and supporting memorandum of law. The plaintiff filed no affidavit or memorandum in opposition to the defendant's motion for summary judgment, and relied solely on the allegations set forth in her amended complaint.

The case of *Catri v. Hopkins,* 609 A.2d 966 (R.I.1992) is controlling. In that case this court held that a municipality's decision not to install a permanent traffic control device on one of its roadways cannot be characterized as egregious conduct that would breach the protection afforded the city or town under the public duty doctrine. *Catri v. Hopkins,* 609 A.2d at 969; *see also Verity v. Danti,* 585 A.2d 65 (R.I.1991).

For these reasons the plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed and the papers of the case are remanded to the Superior Court.