Lucy L. CORNELL

v.

JAN CO. CENTRAL, INC., et al.

No. 95–113–Appeal.

Supreme Court of Rhode Island.

March 8, 1996.

Brian T. Burns, Providence, for Plaintiff.

V. James Santaniello, Timothy J. Robenhymer, Richard B. Wooley, Asst. Atty. Gen., David Maglio, III, Providence, for Defendant.

## OPINION

PER CURIAM.

This case came before a hearing panel of this court on February 20, 1996, for oral argument pursuant to an order that had directed all parties to appear in order to show cause why the plaintiff's appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

Lucy L. Cornell, plaintiff, was injured on February 11, 1991, while operating her automobile in a northerly direction on Route 1 in the town of Westerly, Rhode Island. Another motorist, Tracey L. Sullivan (Sullivan), who was operating her vehicle in a southerly direction made a left turn at a green light in order to enter the premises of an eating establishment operated by Burger King Corporation. Although Sullivan had a green light, she crossed in front of traffic, which was northbound and which also had a green light. There was no arrow or delayed light at this intersection. By cutting across the northbound traffic, Sullivan's vehicle came into collision with the vehicle operated by plaintiff and plaintiff was seriously injured.

The plaintiff brought action against Jan Co. Central, Inc. Jan Co., Inc., and the Burger King Corporation as the abutting owners of the land upon which the Burger King restaurant had been erected, and against the Finance Director of the town of Westerly and against the State of Rhode Island for alleged negligence in the placement and operation of the traffic-control signal at the site. A justice of the Superior Court granted summary judgment in favor of the abutting owners, the town of Westerly, and the State of Rhode Island. In doing so, the trial justice relied on *Ferreira v. Strack*, 636 A.2d 682 (R.I.1994), in respect to the abutting owners. She was clearly correct in holding as a matter of law that an abutting owner has no duty to control or manage traffic on a public highway. *Id.* at 686. This was precisely our holding in *Ferreira v. Strack*. In the absence of a duty, there could be no negligence. *Id.* at 685. Consequently further discovery would have been unavailing to plaintiff.

In granting summary judgment in favor of the State of Rhode Island and the town of Westerly, the trial justice relied upon

the public-duty doctrine, which we have enunciated in a number of cases, including *Polaski v. O'Reilly,* 559 A.2d 646, 647 (R.I. 1989). In that case we determined that a placement of traffic signals by a municipality is a discretionary action and, therefore, performed for the benefit of the public at large and entitled to immunity from tortious complaints in the absence of a special duty. In this case there was obviously no special duty, but plaintiff relies upon the case of *Bierman v. Shookster,* 590 A.2d 402 (R.I.1991), in urging that there is an egregious-conduct exception to the *Polaski* doctrine. In *Bierman* we held that the failure of a municipality to repair a traffic light that was patently malfunctioning rose to the level of egregious conduct as earlier defined in *Verity v. Danti,* 585 A.2d 65, 67 (R.I.1991). In the instant case the trial justice was correct in holding as a matter of law that no egregious conduct could be established by the placement of a functioning traffic signal on the sole ground that arrangements should have been made for a delayed light or a turning arrow. With this conclusion, we agree.

For the reasons stated, the plaintiff's appeal is denied and dismissed. The summary judgments are affirmed, and the papers in the case are remanded to the Superior Court.

BOURCIER, J., not participating.