March 16, 2021

**Supreme Court**

No. 2019-236-Appeal.
(PC 17-4702)

|                      |   |
|----------------------|---|
| Estate of            | : |
| Michael F. Cassiere  |   |
|                      |   |
| v.                   | : |
|                      |   |
| Joseph Cassiere.     | : |

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email:   opinionanalyst@courts.ri.gov,   of   any typographical  or  other  formal  errors  in  order  that corrections may be made before the opinion is published.

|  |  |
|---|---|
| Estate of <br> Michael F. Cassiere | : |
| v. | : |
| Joseph Cassiere. | : |

Present:  Suttell, C.J., Goldberg, Robinson, and Lynch Prata, JJ.

**O P I N I O N**

**Justice Goldberg, for the Court.**  This appeal came before the Supreme Court on January 28, 2021, pursuant to an order directing the parties to appear and show cause why the issues before us should not be summarily decided.  The defendant, Joseph Cassiere, appeals *pro se* from the grant of summary judgment in favor of the plaintiff, the Estate of Michael F. Cassiere,[1] on the plaintiff's claim for distribution of the trust assets held in the Carmen D. Neumann Revocable Trust and on the defendant's counterclaim for breach of fiduciary duty.  For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

---

[1] The complaint was filed by Michael Cassiere, who passed away on June 30, 2018.  The plaintiff's estate was substituted as plaintiff by order of the court entered on January 22, 2019.  In this opinion, references to the plaintiff are at times to Michael Cassiere and at other times to the estate.

## Facts and Travel

Michael Cassiere and Joseph Cassiere were brothers. In 2006 their mother, Carmen Neumann, executed the Carmen Neumann Revocable Trust Agreement (the trust), naming herself as trustee and plaintiff and defendant as successor cotrustees. The trust provided that the assets were to be distributed to the parties equally upon her death. Ms. Neumann thereafter transferred her condominium in Florida (the property) to the trust. In 2010, Ms. Neumann passed away.

The trust directed that after the settlor's death, all debts, expenses of her last illness and funeral, taxes, and costs of administration be paid. The trust also provided that "[t]his direction shall not postpone the distribution of the Trust Estate remaining at Settlor's death as provided herein[.]" This provision was not honored.

The trust remained undistributed for many years. The plaintiff attributes this delay to defendant's alleged unwillingness to agree to the sale of the property. Consequently, plaintiff filed a complaint in Superior Court alleging that defendant administered the trust but failed to provide plaintiff with information regarding the property for three years; that he failed to maintain the property, pay taxes, or make mortgage payments; and that the property was in danger of foreclosure. The plaintiff asserted that he and his wife used their personal funds to pay the outstanding taxes and condominium association fees, bring the mortgage current, and reinstate the homeowner's insurance and utilities.

The complaint also alleged that, because defendant failed to file tax returns for the trust, plaintiff hired a certified public accountant to make the tax filings and hired a real estate agent to obtain a tenant for the property. The rental income was used to reimburse them for the aforementioned expenses. According to plaintiff, when he approached defendant about selling the property, defendant initially agreed to do so but then refused to sign the purchase and sale agreement. The plaintiff turned to Superior Court, seeking the appointment of a commissioner to sell the property, distribution of the trust's assets, and termination of the trust. He requested that defendant be removed as trustee based on his refusal to sell the property, which, plaintiff asserted, was a breach of fiduciary duty.

The defendant filed a counterclaim, alleging that it was plaintiff who breached his fiduciary duty by failing to inform defendant about plaintiff's management of the property. The defendant requested that plaintiff be removed as cotrustee and that plaintiff be ordered to provide defendant with all records of the trust and the management of the property, as well as any income the property produced.[2]

---

[2] The defendant separately claimed that plaintiff had also breached his fiduciary duties as executor of the estate of Ms. Neumann and sought his removal as coexecutor and that he provide an accounting of the stock held in the estate. This claim was dismissed by order of the Superior Court for lack of subject-matter jurisdiction.

On February 1, 2018, an order entered directing that plaintiff may enter into a purchase and sale agreement without defendant's signature, and that the proceeds from the sale would "be held in an escrow account at the closing attorney's office until such time as other claims pending in the case are adjudicated or settled."[3]

The property was sold, and the proceeds were placed in escrow, in accordance with the February 1, 2018 order. Thereafter, plaintiff moved for summary judgment on all claims and requested an order of final distribution. The defendant objected. Although he agreed that the funds should be distributed, he wanted the funds transferred to him for distribution, and he argued that plaintiff's request for reimbursement of expenses was unsupported and that summary judgment on defendant's counterclaim for breach of fiduciary duty should be denied because, he alleged, plaintiff had sold assets of the estate that belonged to the trust and had never accounted for the funds.

At a hearing on February 6, 2019, plaintiff argued that defendant had failed to set forth any specific facts relating to plaintiff's purported breach of fiduciary duty and presented no evidence as to damages. Specifically, plaintiff argued that, although defendant claimed he was not provided closing sheets or information on the sale of the property, as a cotrustee, a beneficiary, and a coexecutor of the estate, defendant could have obtained those documents but failed to do so. As to the

---

[3] The proceeds from the sale of the property that were ordered to be held in escrow is not an issue before the Court for review.

requested reimbursement expenses, which totaled $9,023.45, plaintiff suggested that those funds be set aside and that the remainder be distributed, or that a supplemental hearing be held.

The trial justice asked defendant to point to any material facts at issue that would preclude summary judgment on his counterclaim, and defendant responded that, "to the best of [his] knowledge[,]" money was transferred from the estate to the trust, but he had no "physical" evidence to support that claim. When the trial justice acknowledged that defendant did not appear to have any basis to support the breach or damages elements of his counterclaim, defendant pointed to plaintiff's failure to provide him with the relevant documents. The defendant insisted that it was his belief that plaintiff had breached his fiduciary duties, but he "c[ould]n't say more than that."

The plaintiff assured the trial justice of his willingness to provide defendant with the closing documents for the property, the escrow statement, and the tax returns, and the trial justice treated the production of those outstanding documents as defendant's request for a Rule 56(f) continuance.[4] The trial justice warned

---

[4] Rule 56(f) of the Superior Court Rules of Civil Procedure provides:

defendant that, "as of right now, nothing has been presented to indicate that there is a dispute about your counterclaim[,]" but she was "going to give [defendant] one more chance." She continued the matter to March 6, 2019, permitted plaintiff's counsel two weeks to provide the materials, and stated that "at that time it will either be clear there are facts in dispute from an affidavit or from a deposition or not." The defendant failed to take advantage of the Rule 56(f) continuance.

At the March 6, 2019 hearing, defendant conceded that he had not provided a new affidavit or deposition as the trial justice had instructed, despite having been provided with the documents he had requested. Significantly, plaintiff produced a writing from the trust's accountant declaring that the trust's tax returns from 2016 had previously been supplied to defendant in September 2018. The trial justice repeatedly asked defendant what issues of fact were in dispute regarding his counterclaim, and defendant pointed to various tax-related documents, calling the trial justice's attention to several payments and entries. The defendant admitted that he did not know what those payments were for, but he thought money belonging to the trust had been "diverted" and "the material issue of fact is what

> "Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

were these payments truly for." The trial justice reserved decision, taking the matter under advisement to review defendant's newly submitted documents.

On March 18, 2019, defendant submitted an affidavit disputing the validity of the 2015 and 2016 tax returns filed on behalf of the trust and disputing the $9,023.45 reimbursement expense for carrying the costs of the property expended by plaintiff.

On March 22, 2019, the trial justice issued a bench decision, granting plaintiff's motion for summary judgment on defendant's counterclaim for breach of fiduciary duty. She found that defendant had "failed to respond to the [m]otion for [s]ummary [j]udgment according to court rules or protocols." She noted that defendant had failed to obtain any affidavits or deposition testimony, despite having been granted a continuance to do so in accordance with Rule 56(f). She found that "the 2015 and 2016 tax returns do not create any material issues of fact for the [c]ounterclaim," and she granted summary judgment on that claim. She declared that the trust was "ripe for distribution[,]" and that the only remaining issue was the amount of unreimbursed expenses due to plaintiff. When asked for his position on this issue, defendant responded, "Your pleasure, Your Honor." The trial justice directed plaintiff to submit an order consistent with her ruling and "file an updated affidavit that provides a record of what the expenses are in the case."

An order and final judgment entered, granting plaintiff's motion for summary judgment on defendant's counterclaim and ordering that, after plaintiff's counsel was reimbursed for costs, the remaining corpus of $135,565.73 was to be distributed equally between plaintiff and defendant. The defendant filed a timely notice of appeal.[5]

On appeal, defendant asserts that the trial justice erred (1) in granting summary judgment in favor of plaintiff on both plaintiff's claim and defendant's counterclaim because, he contends, disputed issues of material fact existed that precluded summary judgment; (2) because she did not allow the plain language of the trust to control the distribution of assets; and (3) in basing her decision in part on plaintiff's affidavit for reimbursement expenses because it was submitted after the motion was granted, notwithstanding that the trial justice ordered that an updated affidavit be filed.

**Standard of Review**

"This Court reviews *de novo* a trial justice's decision granting summary judgment." *Glassie v. Doucette*, 157 A.3d 1092, 1096 (R.I. 2017) (quoting *Sola v. Leighton*, 45 A.3d 502, 506 (R.I. 2012)). "In so doing, we apply the same standard as the trial justice and 'view the evidence in the light most favorable to the nonmoving party.'" *Ingram v. Mortgage Electronic Registration Systems, Inc.*, 94

---

[5] The defendant also moved to stay the judgment, and the motion was denied.

A.3d 523, 527 (R.I. 2014) (brackets omitted) (quoting *Mruk v. Mortgage Electronic Registration Systems, Inc.*, 82 A.3d 527, 532 (R.I. 2013)). "Summary judgment is appropriate when no genuine issue of material fact is evident from the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any, and the motion justice finds that the moving party is entitled to prevail as a matter of law." *Id.* (quoting *Mruk*, 82 A.3d at 532).

"Although summary judgment is recognized as an extreme remedy, * * * to avoid summary judgment the burden is on the nonmoving party to produce competent evidence that 'proves the existence of a disputed issue of material fact.'" *Sullo v. Greenberg*, 68 A.3d 404, 407 (R.I. 2013) (brackets omitted) (quoting *Mutual Development Corp. v. Ward Fisher & Co.*, 47 A.3d 319, 323 (R.I. 2012)).

### Counterclaim for Breach of Fiduciary Duty

First, defendant submits that the trial justice erred in granting summary judgment in favor of plaintiff on defendant's counterclaim because, he contends, she failed to consider his claims of disputed facts relative to tax documents and the list of expenses prepared by plaintiff. This argument fails due to lack of proof.

This Court has consistently declared that "a party opposing summary judgment 'bears the burden of proving the existence of a disputed material issue of fact and, in so doing, has an affirmative duty to produce specific evidence

demonstrating that summary judgment should be denied.'" *Brochu v. Santis*, 939 A.2d 449, 452 (R.I. 2008) (quoting *Hudson v. City of Providence*, 830 A.2d 1105, 1106 (R.I. 2003)). It is a firm principle that "a party facing summary judgment may not 'rest upon mere allegations or denials in the pleadings, mere conclusions, or mere legal opinions.'" *Id.* (brackets omitted) (quoting *Rhode Island Depositors Economic Protection Corp. v. Tasca*, 729 A.2d 707, 709 (R.I. 1999)). Suspicions do not carry the day.

In the face of plaintiff's motion for summary judgment, defendant had an affirmative duty to produce competent admissible evidence that demonstrated a genuine issue of material fact regarding his counterclaim. He failed to do so. Instead, he offered opinions and bare statements amounting to speculation and conjecture. For example, in his objection to plaintiff's motion for summary judgment, defendant alleged that "to the best of [defendant's] knowledge the [p]laintiff has violated his fiduciary duties to the trust and its beneficiaries." This is not evidence. At the hearing before the Superior Court, defendant again alleged that plaintiff had breached his fiduciary duties but admitted he had no evidence to support that claim. The defendant also conceded that he did not know whether the assets that he alleged were unaccounted for were assets of the estate or the trust.

After the trial justice graciously provided defendant a continuance under Rule 56(f) to produce competent evidence of a disputed issue of material fact—by

affidavit, deposition testimony, or otherwise—defendant's efforts, if any, wholly missed the mark. Rather than taking advantage of this opportunity, he presented an array of nebulous claims about purported errors in prior tax returns. He did not point to any facts, or provide any documents, to support a claim for breach of fiduciary duty, and he failed to present any evidence of damages whatsoever. The defendant's arguments consisted of allegations of belief, not facts, and are not sufficient to withstand summary judgment.

To the extent that defendant suggests that his inability to acquire any supporting documents led to these failings, we are not convinced. The record amply demonstrates that defendant chose not to avail himself of numerous opportunities to obtain the documents. The defendant failed to conduct discovery. There were no depositions and, although defendant filed a motion to compel the production of documents, he voluntarily withdrew that motion.

There is not a scintilla of evidence in the record before us to support the elements of a claim of breach of fiduciary duty. Accordingly, summary judgment was proper, and we affirm.

**Distribution of the Trust**

Next, defendant asserts that the trial justice failed to effectuate the plain language of the trust and that, as cotrustee, the trust assets should be turned over to

him for distribution. We disagree; defendant has forfeited the high ground on this claim.

"This Court's primary objective when construing language in a will or trust is to ascertain and effectuate the intent of the testator or settlor as long as that intent is not contrary to law." *Jaffe v. Pournaras*, 178 A.3d 978, 981 (R.I. 2018) (quoting *Steinhof v. Murphy*, 991 A.2d 1028, 1033 (R.I. 2010)). The Court first considers "the plain language of the will or trust." *Id.*

In this case, the trust directs that "[u]pon the death of the Settlor, * * * the Successor Trustee shall distribute the entire Trust Estate, equally to Settlors' [*sic*] two sons, Joseph Cass[i]ere and Michael Cass[i]ere, share and share alike." The trust also provides that payment of debts, taxes, and costs of administration "*shall not postpone the distribution* of the Trust Estate remaining at Settlor's death as provided herein[.]" (Emphasis added.) Consequently, the plain language of the trust indicates that Ms. Neumann intended immediate distribution of the trust's assets upon her death. Ms. Neumann passed away in 2010; the distribution of the trust had been delayed for several years, and the property had been neglected and was facing forfeiture.

Pursuant to the February 1, 2018 order, the trust corpus was to be held in escrow and not distributed "until such time as other claims pending in the case are adjudicated or settled." Once the trial justice entered judgment on plaintiff's

motion for summary judgment on defendant's counterclaim, there remained no outstanding claims alleged by either party. Accordingly, distribution of the trust was proper.

## Payment of Expenses

Finally, the defendant argues that the trial justice erroneously relied on the plaintiff's updated affidavit of reimbursement expenses because it was submitted after her decision on the motion for summary judgment had issued. This argument is without merit: the defendant not only failed to object when this procedure was proposed at the hearing but, in fact, acquiesced when the trial justice asked for his preference. As we have held on countless occasions, this Court "staunchly adhere[s] to the 'raise-or-waive' rule." *Rohena v. City of Providence*, 154 A.3d 935, 938 (R.I. 2017). Thus, "[i]t is well settled that a litigant cannot raise an objection or advance a new theory on appeal if it was not raised before the trial court." *Id.* (quoting *State v. Bido*, 941 A.2d 822, 828-29 (R.I. 2008)). When the trial justice asked the defendant to address the issue, the defendant neglected to make any argument and stated, "Your pleasure, Your Honor." This issue is waived.

**Conclusion**

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court. The papers in this case may be returned to the Superior Court.


Justice Long did not participate.



## STATE OF RHODE ISLAND

### SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Estate of Michael F. Cassiere v. Joseph Cassiere. |
| **Case Number** | No. 2019-236-Appeal.<br>(PC 17-4702) |
| **Date Opinion Filed** | March 16, 2021 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, and Lynch Prata, JJ. |
| **Written By** | Associate Justice Maureen McKenna Goldberg |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Melissa A. Long |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Patrick J. McBurney, Esq.<br>Gene M. Carlino, Esq.<br>Rebecca M. Murphy, Esq.<br>For Defendant:<br><br>Joseph Cassiere, Pro Se |